**Jose CISNEROS et al., Plaintiffs-Appellees-Petitioner,**

v.

**CORPUS CHRISTI INDEPENDENT SCHOOL DISTRICT et al., Defendants-Appellants.**

No. 71-2397.

United States Court of Appeals, Fifth Circuit.

April 27, 1972.

See also, 5 Cir., 448 F.2d 1392.

---

Richard A. Hall, J. W. Gary, Corpus Christi, Tex., Donald L. Howell, David T. Searls, Houston, Tex., for defendants-appellants.

Scott T. Cook, Corpus Christi, Tex., amicus curiae.

Chris Dixie, Houston, Tex., James DeAnda, Corpus Christi, Tex., Brian Landsberg, Atty., Civil Rights Div., Dept. of Justice, John N. Mitchell, Atty. Gen. of the United States, Dept. of Justice, David L. Norman, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., for interested party.

Charles Stephen Ralston, New York City, Mario Obledo, San Francisco, Cal., Edward Idar, Jr., San Antonio, Tex., amici curiae.

James P. Wolf, Houston, Tex., for appellees.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

## PER CURIAM:

In this appeal briefs have been filed by the respective parties, oral argument has been heard and the Court has the matter under consideration. The Court's attention has been directed to the fact that the sale of bonds has been authorized and that the Corpus Christi Independent School District intends to replace or renovate Allen, Austin, Fannin, Furman, Houston, Travis, Zavala, Crosley, Savage and Washington Elementary Schools. The District "acknowledges that it is required by the un-stayed portion of the judgment [of the district court] to give consideration to the achievement or preservation of a fair mixture of Mexican-American and Negro students with other students 'in the consideration of new schools or expansion of existing facilities.' " The District simply says that it has given the matter consideration and has concluded that it will proceed with the replacement or renovation of the named schools.

Inextricably interwoven with the many issues confronting us in this appeal are the locations, boundaries, and use of schools within the District, particularly those schools that lie within or close to the minority corridor. We are called upon, among other things, to assess the district court's view that:

"Promoting integration of the Negro and Mexican-American students with the Anglo-American students clearly was not considered by the District's School Board as a factor in its decisions as to where new schools were to be located, the size a new school should be, or whether old schools should be renovated or enlarged. The District did not consider, and consequently did not pursue, viable alternate locations for schools which, even using a form of neighborhood plan, would have resulted in a much more favorable ethnic and racial balance."

Assuming without deciding that the district court's evaluation of the District's past actions is accurate, to permit, pending appeal, a rebuilding of a segregated school system would be contrary to the mandate of Swann v. Charlotte-Mecklenburg Board of Education, 1971, 402 U.S. 1, 91 S.Ct. 1267, 28 L. Ed.2d 554 "to see to it that future school construction and abandonment are not used and do not serve to perpetuate or re-establish the dual system."

Pending determination of this appeal, the Corpus Christi Independent School District is enjoined from entering into contracts for the construction or substantial renewal or renovation of any school or for the purchase of school sites.