468 F.2d 649
 Delores ROSS, by her mother and next friend, Mary Alice
Benjamin, Plaintiff, and United States of America,
Plaintiff-Intervenor, and Narciso Rodriguez, Jr., a minor,
by Josephine C. Rodriguez, his parent and next friend, et
al., Plaintiffs-Intervenors-Appellants,
v.
Robert Y. ECKELS, as President of the Houston Independent
School Board of Trustees, et al., Defendants-Appellees.
Delores ROSS, etc., Plaintiff, and United States of America,
Plaintiff-Intervenor, and Narciso Rodriguez, Jr.,
etc., et al., Plaintiffs-Intervenors,
v.
Robert Y. ECKLES, as President of the Houston Independent
School Board of Trustees, et al.,
Defendants-Appellees, Robert I.
Thompson, Jr., et al.,
Intervenors-Appellants.
 Nos. 71-2347, 71-2926.
 United States Court of Appeals,
Fifth Circuit.
 Sept. 6, 1972.
 
 Ben G. Levy, Houston, Tex., for appellants.
 Abraham Ramirez, Jr., Houston, Tex., Ed Idar, Jr., Jim Heidelberg, John E. Serna, San Antonio, Tex., Conrad K. Harper, New York City, Mario Obledo, San Antonio, Tex., Brian K. Landsberg, Atty., Civil Rights Div., Dept. of Justice, Washington, D. C., Anthony J. P. Farris, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for other interested parties.
 Harry W. Patterson, Kelly Frels, William Key Wilde, Weldon H. Berry, Houston, Tex., Jack Greenberg, James M. Nabrit, III, Norman J. Chachkin, New York City, for defendants-appellees.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 
 BY THE COURT:
 
 1
 Pursuant to F.R.A.P. 3(b), the court sua sponte orders the above entitled appeals consolidated. Each appeal seeks to overturn an order of the district court refusing to allow intervention to its respective alleged class in a single school desegregation action involving the Houston (Texas) Independent School District.
 
 I.
 
 2
 In No. 71-2347, an asserted class composed of Mexican-American citizens who reside throughout the Houston Independent School District sought leave to intervene, both as a matter of right (Fed.R.Civ.P. 24(a)(2)) and as a matter of discretion (Fed.R.Civ.P. 24(b)(2)). In denying both aspects of this motion the court noted that Mexican-American citizens resident within this school district historically have been and are now considered as if they were members of the white race and have never been considered or treated as a separate race or group with respect to any scholastic policy of the school district. In the light of two recent en banc decisions of this court, the premise for this ruling is no longer legally accurate. United States v. Texas Education Agency (Austin Independent School District), 467 F.2d 848 (5th Cir. en banc 1972) and Cisneros v. Corpus Christi Independent School District, 459 F.2d 13 (5th Cir. en banc 1972). Judge Wisdom's basic opinion in the Austin case, supra, stated:
 
 
 3
 No remedy for the dual system can be acceptable if it operates to deprive members of a third ethnic group of the benefits of equal educational opportunity. To dismantle the blackwhite segregation system without including the third ethnic group in the desegregation process would be to deny to that group all of the benefits of integrated schooling which the courts of this nation have been protecting for twenty years. To exclude Mexican-Americans from the benefits of tri-partite integration in the very act of effecting a unitary system would be to provide blacks with the benefit of integration while denying it to another (and larger) group on the basis of ethnic origin. This in itself is a denial of equal protection of the laws.[34]
 
 
 4
 The Austin case majority opinion prepared by Judge Bell concurred in this result in the following language:
 
 
 5
 We concur in the result reached in the opinion prepared by Judge Wisdom to the extent of reversing and remanding the cause to the district court with direction that the dual school system and all discriminatory segregation against Mexican-American and black students be eliminated "at once" and that the Austin Independent School District "operate now and hereafter" only a unitary non-discriminatory school system. (467 F.2d 848 at 883)
 
 
 6
 Since the district court's ruling was based upon a legal premise which differed from the current rule of this circuit, we vacate the order in its entirety both as to intervention as of right and as of discretion and remand this cause to the district court with directions to reconsider its action under the principles announced in the Austin and Corpus Christi decisions. We deem it appropriate to make explicit that this vacation and remand is for the purpose of allowing the decision of the trial court to be made upon the basis of the correct legal premise and is not intended to indicate or intimate any particular ruling or result on either prong of this motion by the court below.
 
 II.
 
 7
 The other motion for leave to intervene in this action was filed on behalf of an alleged class of white pupils residing only within certain school attendance zones within the Houston Independent School District. We find no error of law or abuse of discretion related to the court's denial of this motion and that ruling is affirmed. See English v. Seaboard Coast Line R. R. Co., 465 F.2d 43 (5th Cir. 1972), and particularly the school cases there cited.
 
 
 8
 No. 71-2347 is vacated and remanded.
 
 
 9
 No. 71-2926 is affirmed.
 
 
 
 [34]
 The district court said that it would "consider the effect upon [Mexican-Americans] . . . of any plan submitted by the parties." This is not sufficient. The Mexican-American students must be specifically included in the plan and its operation. The district court apparently chose to include Mexican-American students in the elementary school plan despite the finding of no "de jure segregation" of Mexican-Americans. (467 F. 2d at 870)