918

Henry Eugene DAMON et al., Plaintiffs,

v.

LAUDERDALE COUNTY BOARD OF
SUPERVISORS et al., Defendants.

Civ. A. No. 1197.

United States District Court
S. D. Mississippi, E. D.

March 30, 1966.

R. B. Deen, Floyd, Cameron, Deen &
Prichard, Lawrence W. Rabb, Meridian,
Miss., Upton Sisson, Gulfport, Miss., for
plaintiffs.

Joe T. Patterson, Atty. Gen., of Mis-
sissippi, Will S. Wells, Asst. Atty. Gen.,
Gipson & Gipson, Meridian, Miss., for
defendants.

Before COLEMAN, Circuit Judge, and
RUSSELL and COX, District Judges.

PER CURIAM.

This suit was instituted to compel the
realignment of the beats in Lauderdale
County, Mississippi, to conform with the
one man one vote rule of the United
States Supreme Court. There was a
great need for such redistricting which
was ultimately accomplished solely as a
result of this action. Initially, this suit
was instituted to enjoin elections in the
county until it was redistricted, and later
it was amended to include the Board of
Supervisors and request the relief in-
dicated.

On December 7, 1964, the supervisors
under compulsion of this suit properly
redistricted Lauderdale County. The
plaintiffs seek now an award of attor-
neys' fee as cost. There is nothing in this
record to indicate any fraud, oppression
or vindictiveness on the part of this board
in its nonfeasance. Two of the members
of the Board of Supervisors have died
and have been replaced. The plaintiffs
had no express contract with their at-
torneys for the payment of any fixed fee
for this service. The plaintiffs never
exhausted their administrative remedies,
or presented to the board any statutory
petition to redistrict the county. Cf.:
Glass v. Hancock County Election Com-
mission, Miss., 156 So.2d 825; appeal
dismissed 378 U.S. 558, 84 S.Ct. 1910, 12
L.Ed.2d 1035. This case bears no resem-
blance to a suit where property is made
available to others at the expense of some
of the beneficiaries in an equity proceed-
ing. The assessment of cost is never
made for punitive reasons. The injury to
plaintiffs or the real benefit to others in
a class action as a result of this suit is
not clearly apparent, aside from the fact
that it is something which should have
been done as a clear duty of the Board of
Supervisors. It is not without signifi-
cance in view of the general rule as to
the award of attorneys' fee as cost, that
the Congress provided in the Civil Rights
Act of 1964 [42 U.S.C. § 2000a–3(b)]
for the discretionary award of attorneys'
fee in certain cases, not including the case
at bar.

It is the judgment of the Court that a
reasonable attorneys' fee should not be
awarded in this case and the motion
therefor will be overruled. But, in view
of the past reluctance of the board to do
its duty in this respect, the Court will
expect the defendants to implement its
order of December 7, 1964 and cause all
elections to be held in the county from
such new districts at the next and all
succeeding primary elections in the coun-

ty to avert further action of the Court in this case; and this Court will retain full jurisdiction of the parties and the subject matter to await such full compliance with this requirement.

An order accordingly may be presented for entry.