Clarence **HALL**, Jr., et al., Plaintiffs,

v.

**ISSAQUENA COUNTY BOARD OF SUPERVISORS et al., Defendants.**

Civ. A. No. 1357.

United States District Court,
S. D. Mississippi, W. D.

April 8, 1975.

Frank R. Parker, Jackson, Miss., for plaintiffs.

E. C. Clements, Rolling Fork, Miss., for defendants.

## OPINION OF THE COURT AND ORDER

DAN M. RUSSELL, Jr., Chief Judge.

On May 15, 1972, the Court issued its opinion adopting an amended redistricting plan offered by the Issaquena Board of Supervisors with a final order rendered thereon on May 23, 1972. On June 2, 1972, plaintiffs filed two post-trial motions: (1) a motion for a new trial on the grounds that the Court erred in excluding plaintiffs' proposed plan from consideration and from its admission in evidence, and erred in ruling that plaintiffs "cling to their espousal of Plan B" as plaintiffs' principal alternative to the defendants' amended plan in this action; (2) a motion to amend the Order of May 23, 1972 to award costs and attorney fees to the plaintiffs on the grounds that they are the prevailing party under Rule 54(d) F.R.Civ.P. These motions were heard by the Court on July 18, 1972, following which the parties, by agreement, submitted an order wherein it was found that the Court did consider plaintiffs' alternative redistricting plans for Issaquena and directed that those plans, previously marked for identification as Exhibits P–4, P–5, P–6, P–7 and P–8, and the testimony pertaining thereto be admitted in evidence. The order further provided that taxable costs be assessed against the defendants. Finally, the order provided that the Court reserved ruling, pending the submission of briefs on the other issues presented in the motions. The Court had some reservation about signing the order until the briefs were in, and did not do so. The Court has recently and belatedly realized its oversight and that it has not ruled on the motion for plaintiffs' attorney fees.

The Court concedes that plaintiffs in their brief cite abundant authority for awarding fees to plaintiffs' counsel as an adequate function of the Court in civil rights actions under 42 U.S.C. § 1983 and other federal statutes which do not provide for fees. However, a number of these cases involved private defendants, such as in Newman v. Piggy Park Enterprises, 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263; Miller v. Amusement Enterprises, Inc., (5 Cir.) 426 F.2d 534; and Lee v. Southern Home Sites Corp., (5 Cir.) 444 F.2d 143. Plaintiffs also cite authority for the allowance of such fees in redistricting cases, involving state or political subdivisions thereof as defendants, such as Sims v. Amos, (D.C.Ala.) 340 F.Supp. 691; Dyer v. Love, (D.C.Miss.) 307 F.Supp. 974; Martinolich v. Dean, (D.C.Miss.) 256 F. Supp. 612; and seven unreported district court decisions involving Mississippi counties. Because the redistricting cases are more in point with this action, the Court does not treat herein the decision in Morrow v. Crisler, No. 4716 on the docket of this Court, order issued November 30, 1971 (now on en banc appeal), other cases under Section 1983, 42 U.S.C., and school integration cases against state officials in which attorney fees have been awarded to successful plaintiffs.

The Court's concern is not so much directed to the reasons why such fees have been awarded, i. e., the obdurate action or inaction on the part of state defendants, or because plaintiffs' attorneys have acted as private attorney generals bearing the burden of seeking compliance with federal laws for the benefit of the public. Its concern is directed to the recently re-stated recognition by the United States Supreme Court of the sovereign immunity of state officials from money damages including attorney fees irrespective of the cause of action. See Edelman v. Jordan, 415 U.S. 651, 94 S. Ct. 1347, 39 L.Ed.2d 662.

Sims v. Amos, supra, a reapportionment suit, either ignored or did not have before it the issue of sovereign immunity. For its decision, the three-judge court in Sims relied on Sprague v. Titonic Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184, which was the root decision for Newman, Miller and Lee, supra, all involving private defendants. Similarly, in Dyer v. Love, supra, a redistricting suit, Judge Smith cited Sprague as authority for awarding attorney fees under the equity powers of the Court, while at the same time acknowledging that a three-judge court in Damon v. Lauderdale County Board of Supervisors, (D.C.Miss.) 254 F.Supp. 918, refused to allow plaintiffs' legal fees in a Mississippi redistricting case. However, neither did Damon bottom its denial of fees on sovereign immunity.

While the lower Courts have been involved on a case by case basis of either awarding or denying attorney fees for equitable reasons, Edelman, supra, decided subsequent to all the above decisions, very bluntly holds that a suit by private parties seeking to impose a liability payable from public funds in a state treasury is foreclosed by the Eleventh Amendment (sovereign immunity) if the state does not consent to suit. Since the decision in Edelman, the Sixth Circuit Court of Appeals in Jordan v. Gilligan, 500 F.2d 701, relied on Edelman in denying plaintiffs' attorney fees against officials of the State of Ohio in a reapportionment suit, even though the defendants had not raised this defense at the trial level.

Despite decisions in this circuit, at both the district and appellate court levels, awarding plaintiffs' attorney fees on equitable basis and as within the equity powers of federal courts, this Court, since Edelman has, rightly or wrongly, withheld the granting of such fees, and is compelled to do so now, finding that Issaquena County is a political subdivision of the state, and it has not waived its immunity.

This is not by any means to say that counsel's requested fee in this case is not reasonable. The Court finds the fee reasonable in every respect. However, if the fee were allowed, it would not be on the grounds that the Issaquena Board of Supervisors was obdurate or obstinate in not earlier providing a constitutional redistricting plan. As found by the Court in its decision of May 23, 1972, the defendant board, once suit was filed, complied with every interim order of this Court, including the financing and formulation of a plan that differed in only one minor item with one of the plans proposed by plaintiffs, the Court also noting that plaintiffs raised no objection to the board's plan nor proposed any plans of their own until the eve of trial.

Accordingly, the Court denies plaintiff's motion for a new trial, but, as in the proposed order agreed to by the parties following a hearing on July 18, 1972, the Court finds that in its opinion of May 23, 1972, approving defendants' proposed redistricting plan, as amended, the Court did consider plaintiffs' alternative plans, marked for identification as P–4, P–5, P–6, P–7 and P–8, and the testimony pertaining thereto, as admitted in evidence.

The Court also denies plaintiffs' motion for attorney fees for the reasons given above, but assesses taxable costs to the defendants, as provided for in the aforesaid proposed order.