524 F.2d 928
 13 Fair Empl.Prac.Cas. 1250,
11 Empl. Prac. Dec. P 10,612,
12 Empl. Prac. Dec. P 11,263
Kenneth W. ADAMS et al., Plaintiffs-Appellants,
United States of America, Amicus Curiae,
v.
RANKIN COUNTY BOARD OF EDUCATION et al., Defendants-Appellees.
 No. 75-1991.
 United States Court of Appeals,
Fifth Circuit.
 Dec. 1, 1975.
 
 Fred L. Banks, Jr., Jackson, Miss., Jessica Silver, Dept. of Justice, Civil Rights Div., Washington, D. C., Melvyn R. Leventhal, Jack Greenberg, New York City, Brian K. Landsberg, Washington, D. C., for plaintiffs-appellants.
 J. Gerald Hebert, U. S. Dept. of Justice, Education Section, Washington, D. C., Robert E. Hauberg, U. S. Atty., Jackson, Miss., amicus curiae.
 Billy G. Bridges, Jackson, Miss., William A. Allain, Jackson, Miss., for defendants-appellees.
 Appeal from the United States District Court for the Southern District of Mississippi.
 Before BROWN, Chief Judge, MORGAN and GEE, Circuit Judges.
 PER CURIAM:
 
 
 1
 In conformance with our opinion in Adams v. Rankin County Board of Education, 5 Cir., 1973, 485 F.2d 324 which ordered the implementation of a unitary school system in Rankin County, Mississippi, the District Court, upon remand, made a detailed report to the Fifth Circuit on July 10, 1974[1] which was supplemented by a report on December 23, 1974.[2] By its order entered February 3, 1975[3] the District Court adopted these reports as its final judgment and this decree resolved all issues except the following: (i) whether the District Court erred in not reinstating three teachers who were dismissed during the time when the unitary system was being implemented, (ii) whether the District Court erred in not reinstating six nonprofessional staff members who were dismissed but later reemployed, and (iii) whether those teachers who were reinstated pursuant to the District Court's order upon remand from this Court were entitled to back pay awards against the local school system.
 
 
 2
 Dealing with these issues seriatim, we find that the District Court had ample basis upon which to conclude that the teachers were properly discharged. There was no showing that the dismissals were the result of racial discrimination, United States v. Jefferson County Board of Education, 5 Cir., 1967, 380 F.2d 385, 394, and on the contrary there was substantial evidence from which the District Judge could conclude that the teachers were incompetent. See District Court's report to the Fifth Circuit at p. 10, App. at 71.
 
 
 3
 Concerning the nonprofessional employees, in light of the District Court's finding that all of these employees had been re-employed we deem this issue to be moot.
 
 
 4
 Finally, relying on our recent decision in Hander v. San Jacinto Junior College, 5 Cir., 1975, 519 F.2d 273, 279-80, we find that under the applicable Mississippi statutes the Rankin County School system is a locally controlled institution which is supported largely by local revenues[4] and accordingly the Eleventh Amendment does not bar the award of back pay to those teachers who were reinstated since the suit is in reality not against the state itself but against what is primarily a local institution. Accordingly, we remand this case to the District Court with the instructions that it calculate and award back pay to those teachers who were reinstated in accordance with the stipulation of the parties concerning this subject which was filed April 12, 1974 and which is set out on pages 40-58 of the appendix on appeal.
 
 
 5
 Affirmed and remanded with instructions.
 
 
 
 [1]
 This report is set out in the Appendix on appeal at 62-77
 
 
 [2]
 See App. at 84-86
 
 
 [3]
 See App. at 112
 
 
 [4]
 The county school systems in Mississippi are primarily funded by local ad valorem taxes and the funds obtained thereby are only supplemented by the state if insufficient to accomplish the educational needs of the county. See Miss.Code Ann. § 37-19-15 (1972). In addition, the statutes provide for a flexible tax structure which continues to tap local resources when increases in educational expenses are necessary to accomplish local educational goals. See Miss.Code Ann. § 37-57-1 et seq. (1972). Thus, it is apparent that any award of back pay would come primarily from local funds rather than out of the state treasury