Clarence HALL, Jr., and Willie Bunton, Individually and on behalf of all others similarly situated, Plaintiffs-Appellants,

v.

ISSAQUENA COUNTY BOARD OF SUPERVISORS, et al., Defendants-Appellees,

United States of America, Amicus Curiae.

No. 75–2272.

United States Court of Appeals Fifth Circuit.

Jan. 28, 1976.

712

Frank R. Parker, Lawyers' Comm. for Civil Rights Under Law, Jackson, Miss., for plaintiffs-appellants.

E. C. Clements, Rollingfork, Miss., for defendants-appellees.

ON PETITION FOR REHEARING

Before BROWN, Chief Judge, GOD-BOLD and GEE, Circuit Judges.

PER CURIAM:

In their petition for rehearing, appellants advance two objections to our prior disposition of this matter. In the first, they suggest that since the opinion of the court below was published,[1] our rendering an unpublished opinion [523 F.2d 1053] was inappropriate. In the second, they point out that our opinion does not specifically treat the question of Eleventh Amendment immunity, a basis of the decision below. Both are well taken.

■ In response to the first, we here set out and reaffirm the dispositive portion of our earlier unpublished opinion:

In light of the 1975 amendments to the Voting Rights Act of 1965, Public Law 94–73, 94th Congress, August 6, 1975, and of the decision of the Court in *Bradley v. School Board of City of Richmond,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), we vacate the order of the Court below insofar as it relates to attorney's fees and remand for a determination whether, in the discretion of that court, reasonable attorney's fees should be allowed the prevailing party and, if so, their amount.

■ As to the second, we think it appropriate to give the district court on remand an unfettered opportunity to reconsider its earlier determination in light of our intervening decisions in *Hander v. San Jacinto Junior College,* 519 F.2d 273 (5th Cir. 1975) and *Adams v. Rankin County Board of Education,* 524 F.2d 928 (5th Cir. 1975), and the somewhat sharper focus in which they cast the law in

1. *Hall v. Issaquena County Board of Supervisors,* 66 F.R.D. 557 (S.D.Miss.1975).

this area. In all other respects, we reaffirm our earlier judgment, by which the cause was vacated and remanded.