Earl **PANIOR** et al.,
**Plaintiffs-Appellants,**

v.

The **IBERVILLE PARISH SCHOOL BOARD** et al.,
**Defendants-Appellees.**

No. 74–3327.

United States Court of Appeals,
Fifth Circuit.

Dec. 13, 1976.

---

George M. Strickler, Jr., New Orleans, La., for plaintiffs-appellants.

Wm. J. Guste, Jr., Atty. Gen., Baton Rouge, La., for Edwin Edwards.

Samuel C. Cashio, Dist. Atty., Maringouin, La., Joseph W. Cole, Jr., Port Allen, La., John F. Ward, Jr., Baton Rouge, La., for Iberville Parish School Bd.

Before BROWN, Chief Judge, and RIVES and GEE, Circuit Judges.

PER CURIAM:

Plaintiffs appeal from an award of $1,000.00 attorneys' fees by the District Judge in their action challenging the reapportionment plan for electing members of the Iberville Parish School Board. The award was made in response to our original remand which found the reapportionment plan unconstitutional. *Panior v. Iberville Parish School Board*, 5 Cir., 1974, 498 F.2d

1232, 1237. Plaintiffs contend that the $1,000.00 award was so low as to be an abuse of the District Judge's discretion. We agree and vacate and remand for a new determination by the District Court of appropriate attorneys' fees.

■ This litigation began in January 1972. The District Court approved a reapportionment plan for the School Board with a total population deviation of 37.45%. On appeal we remanded with directions, among others, that elections under the present plan be enjoined, the Board submit an acceptable plan, and the District Judge award attorneys' fees for services in the Court of Appeals as well as in the District Court. *Panior v. Iberville Parish School Board, supra* at 1237. On July 25, 1974, three days after issuance of our mandate, the District Judge issued an order awarding $1,000.00 to plaintiffs' attorney. The order did not include any reasons supporting this amount. Plaintiffs' counsel subsequently filed a motion to modify the order and included an affidavit and memorandum detailing the number of hours spent on the case, (134.5), and the costs. Plaintiffs requested $6,725.00 in attorneys' fees based on compensation of $50.00 per hour and $182.24 in costs. Following the denial of the motion to modify plaintiffs brought this appeal.[1]

Both our original remand and the $1,000.00 award by the District Judge occurred prior to *Alyeska Pipeline Service Co. v. Wilderness Society*, 1975, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141, in which the Supreme Court held that, absent statutory authority, courts may not award attorneys' fees under the private attorney general theory.

No statutory authority for attorneys' fees existed at the time of the earlier, and pre-

1. The District Judge entered an order approving the Board's new apportionment plan on April 22, 1975. On appeal, per Coleman, J., the District Court's order approving the new Board plan was affirmed by the Fifth Circuit. *Panior v. Iberville Parish School Bd.*, 5 Cir., 1976, 536 F.2d 101 (*reh. en banc denied*, 5 Cir., 542 F.2d 576). We conclude that the fact that the Board ultimately prevailed after having its first plan rejected by this Court should play no part in determining the attorney's fee question before us in this case, which involves only the work done by counsel for plaintiffs in the first round before the District Court and the Court of Appeals resulting in our reversal. *Panior v. Iberville Parish School Bd.*, 5 Cir., 1974, 498 F.2d 1232. The instant decision does not concern fees in the District Court on the remand or in the Court of Appeals in the second round.

*Alyeska, Panior* decisions. In August 1975, however, Congress amended the Voting Rights Act of 1965 to allow the prevailing party in a suit to enforce Fourteenth or Fifteenth Amendment voting rights reasonable attorneys' fees.[2] 42 U.S.C.A. § 1973*l* (e).

§ 1973*l*. Enforcement proceedings

(e) In any action or proceeding to enforce the voting guarantees of the fourteenth or fifteenth amendment, the court, in its discretion, may allow the prevailing party, other than the United States a reasonable attorney's fee as part of the costs.

This Court has recently held that § 1973*l*(e) should be applied retroactively. *Ferguson v. Winn Parish Police Jury*, 5 Cir., 1976, 528 F.2d 592, 599 n.13.[3] Therefore, in light of § 1973*l*(e) and *Ferguson*, our original directive, which was clearly valid at the time we made it, has been revived despite *Alyeska* so that attorneys' fees are allowable for work done in the trial court and the first appeal on the merits.[4]

In this case, the plaintiffs' counsel have performed more than adequately in the private attorney general role which the legislative history of 42 U.S.C.A. § 1973*l*(e)

places upon them.[5] Furthermore, although the Board ultimately prevailed on the new plan which was the direct result of our reversal, plaintiffs "won" the first round and thus ensured that an unconstitutionally drawn reapportionment plan was not approved. This yeoman's duty certainly falls well within the legislative history's admonition that attorney's fees "are especially appropriate where a party has prevailed on an important matter in the course of litigation, even when he ultimately does not prevail on all issues."

In *Ferguson* the Court affirmed the District Court's award, which was made prior to the passage of § 1973*l*(e), by analogy to the Supreme Court's reasoning concerning the retroactivity of 20 U.S.C.A. § 1617 of the Emergency School Aid Act in *Bradley v. School Board of Richmond*, 1974, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476. The amount of the award was upheld on appeal because the Court found no "clear abuse of discretion" in determining the amount and no reasons by plaintiff justifying his argument that the award was too low.

In this case the District Judge without a hearing awarded $1,000.00 attorneys' fees three days after receiving our mandate and

---

**2.** In the legislative history of P.L. 94–73 (42 U.S.C.A. § 1973*l*(e)), the statute which provides the basis for awarding attorney's fees in this case (*see* discussion *infra* ), the importance of awarding attorney's fees in voting rights cases was emphasized in the strongest terms. In particular, the Report contained the following discussion which is especially appropriate here:

"In appropriate circumstances, counsel fees under sections 402 and 403 may be awarded pendente lite. *See Bradley v. School Board of the City of Richmond*, 416 U.S. 696 [94 S.Ct. 2006, 40 L.Ed.2d 476], (1974). Such awards are especially appropriate where a party has prevailed on an important matter in the course of litigation, even when he ultimately does not prevail on all issues. *See Bradley, supra; Mills v. Electric Auto-Lite Co.*, 396 U.S. 375 [90 S.Ct. 616, 24 L.Ed.2d 593], (1970). Moreover, for purposes of the award of counsel fees, parties may be considered to have prevailed when they vindicate rights through a consent judgment or without formally obtaining relief. *Parham v. Southwestern Bell Telephone Co.*, 433 F.2d 421 (8th Cir. 1970); *Richards v. Griffith Rub-*

*ber Mills*, 300 F.Supp. 338 (D., Ore.1969); *Thomas v. Honeybrook Mines, Inc.*, 428 F.2d 981 (3d Cir. 1970); *Aspira of New York, Inc. v. Board of Education of the City of New York*, 65 F.R.D. 541 (S.D.N.Y.1975)."
S.Rep.No.94–295, 94th Cong., 1st Sess. 41 (1975), reprinted in [1975] U.S.Code Cong. & Admin.News p. 774, at p. 808.

**3.** *Accord, Lytle v. Commissioner of Election of Union County*, 4 Cir., 1976, 541 F.2d 421, 426–427.

The question of the application of § 1973*l*(e) had been left unanswered in *Hall v. Issaquena County Board of Supervisors*, 5 Cir., 1976, 526 F.2d 711, 712, *rev'g*, S.D.Miss., 1975, 66 F.R.D. 557. *Hall* did indicate that any problems raised by the Eleventh Amendment were to be considered in light of *Adams v. Rankin County Board of Education*, 5 Cir., 1975, 524 F.2d 928 and *Hander v. San Jacinto Junior College*, 5 Cir., 1975, 519 F.2d 273.

**4.** The compensation and costs will also include those prosecuting this successful appeal.

**5.** See note 2, supra.

prior to submission by counsel of affidavits or other evidence attesting to the hours expended. The order gave no basis substantiating the amount awarded. In fact, at the time the District Court made the award, there was nothing in the record on which it could base an amount. In answer to the motion to modify the District Judge stated that since "the only person with any discernible interest in the case, is the attorney who files the suit, it does not seem to this Court that the School Board should be required to pay" fees in the amount that evidence of bad faith might justify. The Court did not accept as credible counsel's claim of 134.5 hours and was of the opinion that $50.00 per hour was "grossly excessive." Order of July 25, 1974. We hold that the award, particularly in light of the factors which the District Judge did—or did not—consider, was an abuse of discretion.

■ On remand, we indicate no opinion as to the amount that should be awarded. We emphasize that the legislative history of § 1973*l*(e) indicates that the standards for awarding attorneys' fees under this section are generally the same as under the fee provisions of the 1964 Civil Rights Act. 1975 U.S.Code Cong. & Admin.News p. 807 [from Senate report No. 94–295]. Under the Civil Rights Act fees are to be awarded unless "special circumstances would render such an award unjust." *Newman v. Piggie Park Enterprises, Inc.*, 1968, 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263, 1265.[6]

■ Plaintiffs request that this Court direct the amount of attorneys' fees. Although we recognize the power to make an award for services in the Court of Appeals, *Davis v. Board of School Commissioners of Mobile County*, 5 Cir., 1976, 526 F.2d 865, 868–69, we conclude that the total determination is best made by the District Court,

---

**6.** The factors which the District Court should consider in determining the amount are listed in *Johnson v. Georgia Highway Express, Inc.*, 5 Cir., 1974, 488 F.2d 714, 717–19.

In addition, we point out that attorneys appointed under the Criminal Justice Act, 18 U.S.

see *Weeks v. Southern Bell Telephone & Telegraph Co.*, 5 Cir., 1972, 467 F.2d 95, 98.

REVERSED and REMANDED.

---

C.A. § 3006A(d)(1), are compensated at $20.00 to $30.00 per hour. *See also Barth v. Bayou Candy Co.*, E.D.La., 1974, 379 F.Supp. 1201, 1204 ($50.00 per hour award by Judge Rubin for employment discrimination litigation).