**SOUTHEAST LEGAL DEFENSE GROUP et al., Plaintiffs,**

v.

**Brock ADAMS et al., Defendants.**

**Civ. No. 72–614.**

United States District Court,
D. Oregon.

Sept. 6, 1977.

Charles J. Merten, Glen H. Downs, Legal Aid Service, Portland, Or., for plaintiffs.

Jack G. Collins, First Asst. U. S. Atty., Portland, Or., Walter L. Barrie, Asst. Atty. Gen., Salem, Or., for defendants.

## OPINION

BURNS, District Judge.

This action, challenging the location of the proposed Mt. Hood Freeway in Portland, Oregon, was originally commenced July 31, 1972. Plaintiffs asserted twelve claims, some of which were based on 42 U.S.C. § 1983.[1] On May 24, 1974, I ruled in favor of plaintiffs on their eighth claim— that the state highway defendants had failed to comply with 23 U.S.C. § 128(a) and its implementing regulations. I therefore set aside the federal approval of the freeway corridor location. The remaining claims were dismissed as moot. Following my decision the proposed project was abandoned. The state defendants' appeal from my ruling on the eighth claim was dismissed as moot by the Ninth Circuit Court of Appeals. (Unreported order, September 13, 1976.)

On October 30, 1975, I denied plaintiffs' motions for attorneys' fees. During the pendency of plaintiffs' appeal from my ruling denying attorneys' fees, the Civil Rights Attorney's Fees Awards Act of 1976 was passed. P.L. 94–559, 90 Stat. 2641, 42 U.S.C. § 1988. Thereupon, plaintiffs filed in the Court of Appeals a Motion to Remand. The Court of Appeals remanded the case,

"for consideration of the applicability of the Civil Rights Attorneys Fees Awards Act of 1976, P.L. 94–559, and *Zurcher v. Stanford Daily*, [550] F.2d [464] . . . (9th Cir. 197[7])."

P.L. 94–559 adds the following language to 42 U.S.C. § 1988:

"In any action or proceeding to enforce a provision of sections 1977, 1978, 1979, 1980, and 1981 of the Revised Statutes [codified as 42 U.S.C. §§ 1981–83, 1985, 86], Title IX of Public Law 92–318, or in any civil action or proceeding, by or on behalf of the United States of America, to enforce, or charging a violation of, a provision of the United States Internal Revenue Code or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

*Stanford Daily v. Zurcher*, 550 F.2d 464 (9th Cir. 1977), an action for declaratory and injunctive relief against city police officers, held that the Civil Rights Attorney's Fees Awards Act is applicable to cases pending on the date of enactment. It does not, however, address the question of whether such fees may be awarded against either federal or state officials, or both, nor whether fees may be awarded when plaintiff prevails on a non-fee claim.

---

1. Claims 1–3 alleged violations of the National Environmental Policy Act of 1969, 42 U.S.C. § 4321 et seq.

 Claims 4, 7, 8 and 9 alleged violations of § 128(a) of the Federal Aid Highway Act; the Twelfth Claim was based on § 103 of that Act, 23 U.S.C. § 101 et seq.

 Claim 5 alleged violations of the Federal Highway Act of 1968, 23 U.S.C. §§ 501–511, and the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. §§ 4601–4655.

Claim 6 alleged violations of the Urban Mass Transportation Act of 1964, 49 U.S.C. §§ 1601–1612.

 Claim 10 alleged violations of substantive and procedural due process.

 Claim 11 alleged violations of the equal protection clause of the U.S. Constitution.

 Jurisdiction was claimed to exist under 28 U.S.C. § 1343 (the jurisdictional counterpart of 42 U.S.C. § 1983), on the basis also of the federal question statutes, 28 U.S.C. § 1331, and on other jurisdictional statutes as well.

## THE FEDERAL DEFENDANTS

■ My initial refusal to award attorneys' fees against the federal defendants was based on 28 U.S.C. § 2412.[2] In *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), the Supreme Court held that in light of § 2412, attorney's fees may be awarded against the federal government (or federal defendants) only where they are *expressly* provided for by statute. *Id.* at 267, 95 S.Ct. 1612. The Court cited 42 U.S.C. § 2000a–3(b) (Title II of the Civil Rights Act of 1964, prohibiting discrimination required by state law) and 5 U.S.C. § 552a(g)(2)(B) (Freedom of Information Act) as examples of statutes expressly providing for such fee awards.[3]

The 1976 Attorney's Fees Act contains no explicit authorization, such as that found in 42 U.S.C. § 2000a–3(b) and 5 U.S.C. § 552a(g)(2)(B), for an award of attorneys' fees against the federal defendants in this case. The only mention of federal governmental liability for attorneys' fees is contained in that portion of the Act pertaining to cases in which a defendant taxpayer prevails in a suit brought by the federal government to enforce the provisions of the Internal Revenue Code. This provision was narrowly drawn and was clearly intended to apply only to frivolous, vexatious, or harassing tax cases brought by the federal government. See discussion at 122 Cong. Rec. S. 17049–51 (daily ed. 9/29/76).

The Senate had the opportunity to carve out a broader exception to the rule against awarding attorneys' fees against the federal government, but it declined to do so. Senator Helms offered an amendment which would have amended 28 U.S.C. § 2412 to authorize the award of attorneys' fees against the United States to successful litigants in civil cases and acquitted criminal defendants. After discussion the motion was tabled. See 122 Cong. Rec. S. 16257–61 (daily ed. 9/21/76).

The only support in the legislative history for plaintiffs' contention that the Act was intended to override the provisions of 28 U.S.C. § 2412 is found in a portion of a dialogue between Congressmen Quie and Railsback. See 122 Cong. Rec. H. 12163–64 (daily ed. 10/1/76). In the course of this discussion Congressman Railsback expressed his belief that a prevailing defendant in a civil rights action brought by the United States could recover attorney's fees from the federal government. The Congressman's opinion is not, however, persuasive in view of the previously mentioned indications of a contrary congressional intent.

## THE STATE DEFENDANTS

Under the compulsion of the *Alyeska* decision I previously declined to assess attorneys' fees against the state defendants. *Alyeska,* of course, eradicated the "private attorney general" rationale which had been widely used in similar cases up to that time.[4] I concluded that although the Eleventh Amendment did not bar relief, neither of the two exceptions to the American rule against awarding attorney's fees which survived *Alyeska*—the common fund (or benefit) theory and the bad faith theory—were applicable here.

■ Since my decision denying attorneys' fees the Supreme Court has ruled, in *Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct.

---

**2.** "Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title but not including the fees and expenses of attorneys may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or official of the United States acting in his official capacity, in any court having jurisdiction of such action. . . . ."

**3.** 42 U.S.C. § 2000a–3(b) states that: "In any action commenced pursuant to this subchapter, the court, in its discretion, may allow the pre-

vailing party, other than the United States, a reasonable attorney's fee as part of the costs, and the United States shall be liable for costs the same as a private person."

5 U.S.C. § 522a(g)(2)(B) provides that: "The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this paragraph in which the complainant has substantially prevailed."

**4.** See cases cited in *Alyeska*, 421 U.S. at 271 n. 46, 95 S.Ct. 1612.

2666, 49 L.Ed.2d 614 (1976), that Congress may, in the exercise of its enforcement power under § 5 of the Fourteenth Amendment, authorize an award of attorney's fees against a state without violating the Eleventh Amendment. Congress clearly intended the Fee Awards Act as an exercise of its § 5 power.[5] Even if, contrary to my original decision, the Eleventh Amendment would have barred relief in the absence of the Act, the decision in *Fitzpatrick* and the passage of the Act, remove all possible Eleventh Amendment barriers. Accord, *Rainey v. Jackson State College*, 551 F.2d 672 (5th Cir. 1977); *Bond v. Stanton*, 555 F.2d 172 (7th Cir. 1977); *Finney v. Hutto*, 548 F.2d 740 (8th Cir. 1977); *but see Skehan v. Board of Trustees of Bloomfield State College*, 436 F.Supp. 657 (M.D.Pa.1977).

Even so, the state defendants contend that plaintiffs are not entitled to recovery because they were not the prevailing parties in an action to enforce one of the statutes covered by the Act. The plaintiffs, they point out, prevailed on their eighth claim—an action to enforce 23 U.S.C. § 128(a)—not in an action to enforce 42 U.S.C. § 1983. Although plaintiffs' tenth and eleventh claims alleged due process and equal protection violations coming within the ambit of § 1983 and the Act, I dismissed these claims as moot following my decision favoring plaintiffs on the statutory eighth claim.[6]

In support of their motion for attorneys fees plaintiffs cite the following language in the House report:

"To the extent a plaintiff joins a claim under one of the statutes enumerated in H.R. 15460 with a claim that does not allow attorney fees, that plaintiff, if it prevails on the non-fee claim, is entitled to a determination on the other claim for the purpose of awarding counsel fees. *Morales v. Haines*, 486 F.2d 880 (7th Cir. 1973). In some instances, however, the claim with fees may involve a constitutional question which the courts are reluctant to resolve if the non-constitutional claim is dispositive. *Hagans v. Lavine*, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974). In such cases, if the claim for which fees may be awarded meets the 'substantiality' test, *see Hagans v. Lavine, supra; United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), attorney's fees may be allowed even though the court declines to enter judgment for the plaintiff on that claim, so long as the plaintiff prevails on the non-fee claim arising out of a 'common nucleus of operative fact.' *United Mine Workers v. Gibbs, supra* at 725, 86 S.Ct. 1130."

H.R. 94–1558, supra at p. 4, n. 7.

■ Though I have some difficulty, I nonetheless conclude that the requirements set forth in the footnote have been satisfied. Hence, as thus construed, and in the circumstances present here, the statute provides for an award where both fee and non-fee claims are alleged, and plaintiff prevails on the non-fee claim.

■ The "substantiality" test merely requires, in the context of this case, that the constitutional (fee-claim) issue which is raised be not "wholly insubstantial," "obviously frivolous," "plainly unsubstantial" or "obviously without merit." *Hagans v. Lavine*, 415 U.S. 528, 537, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974).

To satisfy the requirement that they arise out of a common nucleus of operative fact the fee and non-fee claims must be so interrelated that plaintiffs "would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

Both *Hagans* and *United Mine Workers* discuss the "substantiality" and "common

---

5. See S.Rep.No. 94–1011, p. 5, 94th Cong., 2d Sess. (1976); H.Rep.No. 94–1558, p. 7, n. 14, 94th Cong., 2d Sess. (1976); U.S.Code Cong. & Admin.News 1976, p. 5908; 122 Cong. Rec. S. 17052–53 (daily ed. 9/29/76); *id.*, at H. 12160 (daily ed. 10/1/76).

6. In view of the decision I reach today, I need not decide whether § 1983 extends to violations of federal statutes such as 23 U.S.C. § 128(a).

nucleus" requirements in the context of the jurisdiction of a federal district court to adjudicate pendent claims.[7] Defendants contend that because these concepts were originally used to resolve jurisdictional issues they are of little relevance to the issue now before me. The House report, however, used these references as convenient analogies to indicate the circumstances under which attorneys' fees could properly be allowed.

The liberal standards set forth in the House report indicate a sensitivity to the federal policy of not deciding federal constitutional questions where a dispositive non-constitutional ground is available. *Hagans v. Lavine, supra.* Where it is possible to do so without violence to this federal policy, the first sentence of footnote 7 indicates that courts should decide the fee claim. However, to require a decision on the fee claim in all instances might force federal judges to thwart the federal policy discouraging unnecessary constitutional decisions in order to further the congressional policy of encouraging private actions to enforce the civil rights laws which is expressed in the Act.

 On the other hand, it seems manifestly unfair to penalize plaintiffs who couple their constitutional claims with meritorious statutory claims and thereby facilitate the federal policy of avoiding unnecessary constitutional decisions. To deny such plaintiffs the attorneys' fees to which they might otherwise be entitled frustrates rather than promotes the policy of the Act.

The unfairness is particularly evident in this case because plaintiffs' eighth claim involved identical facts and issues very similar to those raised in the procedural due process portions of the eleventh claim. My decision on the eighth claim was essentially that in holding the required hearing after they had committed themselves to the freeway location defendants violated the mandate of 23 U.S.C. § 128(a). While this does not constitute a holding that this procedure

violated due process, it certainly determines at least some of the issues relevant to such a holding in plaintiffs' favor.

 On balance, the House report strikes a sensible and reasonable balance between two important federal policies. I therefore find that plaintiffs are entitled to recover reasonable attorneys' fees from the state defendants.

The state defendants earlier requested the opportunity to address the question of the amount of attorneys' fees to be awarded in the event plaintiffs prevailed on this aspect of the case. Accordingly, counsel for the state defendants are directed to submit, in writing, within ten days, any objections they have as to the amounts claimed by plaintiffs. A hearing will be scheduled promptly thereafter.

---

7. *Hagans* involved a federal constitutional claim and a pendent "statutory" supremacy clause claim. *United Mine Workers* dealt with state law claims pendent to federal statutory claims.