**James BURCHETT, Plaintiff,**

v.

**Dr. Willis H. BOWER et al., Defendant.**

**No. CIV 72–607 PHX CAM.**

United States District Court,
D. Arizona.

May 17, 1979.

contended that he was entitled to treatment and that, prior to the termination of his treatment, he should be granted an opportunity to have a determination as to whether or not the treatment was complete. Plaintiff, after filing suit in this court, received treatment partially due to a consent agreement between his attorneys and the state, and as a result of his prevailing on a motion for partial summary judgment in this court.

Plaintiff has undertaken numerous activities in an effort to have his rights granted and these were all the direct result of his attorneys in this case. These activities have included such steps as special actions filed on plaintiff's behalf in the state courts, federal habeas corpus action, legislative lobbying and appeals to both federal as well as state courts.

Petitioners now request that, pursuant to 42 U.S.C. § 1988, they be awarded attorneys' fees for their activities which led to the treatment of the plaintiff to which he was entitled from the time of his incarceration. The Civil Rights Attorneys' Fees Award Act of 1976 (42 U.S.C. § 1988) provides, in part, that: "In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985 and 1986 of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, reasonable attorney's fees as [a] part of the costs."

Lewis & Roca, Phoenix, Ariz., for plaintiff.

Robert J. Corbin, Atty. Gen., State of Arizona, Richmond K. Turner, Asst. Atty. Gen., Phoenix, Ariz., for defendant.

The legislative history of this act, as contained in Sen.Rep. No. 94–1011, 94th Cong., 2d Sess. 4 (1976), U.S.Code Cong. & Admin. News 1976, p. 5908, states that the intent was to award fees in an effort to achieve consistency in our civil rights laws.

## OPINION

MUECKE, District Judge.

Petitioners in this request are the attorneys of record for the plaintiff in this action. The basis of the original action was the denial of any hearing prior to the removal of the plaintiff from the state mental health hospital where he was receiving treatment, back to the Arizona State Prison where he was serving a sentence. Plaintiff

Petitioners have urged this court to accept the position that the work done on behalf of the plaintiff in state courts should be compensated by some determination made by this court. Although the idea is not novel, in many respects this court finds itself unable to determine the relevant criteria to make an award as set forth under the legislative intent of the act. The act does mention that the awards should be made according to the type of guidelines

that were set down in the case of *Stanford Daily v. Zurcher,* 64 F.R.D. 680 (N.D.Cal. 1974). The guidelines set forth in that case are based on the ability of the court to evaluate the work of the attorney as well as his results by the work that was done in the forum in which he is seeking payment for his fees.

Therefore, it is apparent to this Court that the petitioners are entitled to attorneys' fees for having prevailed under § 1983 of 42 U.S.C. and that the award is limited to work that this Court can properly evaluate. The Court, in making this determination, must consider the following: the amount of time devoted by the attorney to the litigation; the value of the time in light of billing rates and of the attorney's experience, reputation, and ability; and the attorney's performance, given the novelty and the complexity of the legal issues in the litigation. These considerations will be grounded upon the opportunity given to view the attorney's work during the course of the litigation and upon the information provided by the parties in their numerous affidavits and briefs. This line of inquiry was also supported in *Gardner v. Menendez,* 373 F.2d 488 (1st Cir. 1967), where the court held in its ruling denying attorneys' fees for work performed beyond its immediate forum that: "[I]t is not for the court to determine the value of services rendered elsewhere . . . [t]here is nothing singular in the fact that counsel who appears in two forums should apply to each for the aliquot part of his total fee. That is common practice where counsel obtains in a district court, and in an appellate court, a separate award for his services before each." 373 F.2d at 490.

The Court is aware of the argument that is made by defendant that there was no decision on the constitutional question; however, in light of the recent decision in *Gagne v. Maher,* 594 F.2d 336 (2d Cir. 1979) where the court held the congressional intent as set forth in the senate report indicates that the attorney's fees should be awarded in a wide variety of situations, including consent judgments, and the same court cites *Kopet v. Esquire Realty Co.,* 523 F.2d 1005 (2nd Cir. 1975). In *Kopet* the court stated that counsel fees could be awarded whenever plaintiff's efforts confer benefits upon the parties, including those obtained through settlement. In addition, the House report states that in a situation where the plaintiff joins a non-fee statutory claim with a statutory fee claim if the plaintiff prevails on the non-fee claim, the claim for fees may be awarded if the claim for which fees may be awarded meets the substantiality test. Attorneys' fees may be allowed even though the court declines to enter judgment for the plaintiff on the constitutional claim so long as the plaintiff prevails on the non-fee claim arising out of a common nucleus of operative fact. This is the situation which we have in the instant case and, thus, there is no question that petitioners should be awarded fees for their efforts in this case. See also *Southeast Legal Defense Group v. Adams,* 436 F.Supp. 891 (D.Or.1977).

As to the individual criteria the Court finds as follows:

*On the issue of the amount of time devoted by the attorney to the litigation:* The attorneys have shown that there have been over 866 hours of time, not including the 150 plus hours spent by paralegals of the attorney's firm. This litigation and course of events has taken over six years to date. The questions involved certainly demonstrate that the plaintiff's counsel were required to expend a great deal of effort on this case and the Court concludes that the time was constructively and efficiently spent. This conclusion, however, can only be based on the efforts of counsel before this Court. Counsel has spent over 125 hours on matters before this Court to date.

*As to the value of the attorneys' time in light of billing rates and of the attorneys' experience, reputation, and ability:* Petitioners point out to the court that the case has essentially been one of a contingent nature since 1973 when the plaintiff's father, who had been paying the fees, died. Since 1973 the only funds received were those for actual out of pocket costs in-

curred. Petitioners further point out that the end result of their course of action was the treatment of their client. They state that without their using numerous forums to have his cause heard, the plaintiff would not have received treatment. It has been apparent to this Court that the nature of the work was essentially contingent in nature and that the attorneys' work throughout was of a very high quality.

■ The reputation and standing of the counsel are also impressive. Mr. Ulrich has been involved in numerous major cases in the community as well as in the *Miranda v. Arizona* case. His service as lead counsel for the private health care class in *In re Arizona Bakery Products Litigation* (a case tried before this Court) demonstrates his ability to work with complex legal as well as factual situations. Petitioner has requested a rate of $60.00 per hour for himself and other partners of his firm who worked on the case before this Court and $40.00 for associates. The Court, recalling that Mr. Ulrich received $80.00 per hour for his representation in the *Bakery* litigation, finds the amount claimed to be both proper and reasonable.

Petitioners have also requested a rate of $20.00 per hour for paralegals working on this case, which the Court finds to be reasonable and proper.

■ *On the issue of the attorneys' performance, given the novelty and the complexity of the legal issues in the litigation:* The Court finds this case to be a new issue in this state and, therefore, feels that the issues were not only complex but indeed novel. The petitioners had to establish the course of litigation in an area which had not been previously covered. The Court also interprets this criteria to consider the ultimate issue in this case of whether or not the petitioners were successful in obtaining their main goal of treatment for their client who had been removed from the state hospital without any due process hearing. Clearly, here, the petitioners were successful even though on grounds somewhat different than those they originally chose. This Court finds that the performance of

the petitioners in this case is clearly compensable under the guidelines set forth in the *Zurcher* case, supra.

■ The case law firmly establishes that these fees claimed above can be awarded against the defendant State of Arizona in this case. In *Hutto v. Finney,* 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978) the court ruled that "Congress has plenary power to set aside the States' immunity from retroactive relief in order to enforce the Fourteenth Amendment," and that "[w]hen it passed the [fees] Act, Congress undoubtedly intended to exercise that power and to authorize fee awards payable by the States when their officials are sued in their official capacities." 98 S.Ct. at 2575. See also *Gagne v. Maher,* supra.

■ This Court also feels that the time spent in preparing and litigating the fees petition should be compensated accordingly. As stated in *Prandini v. National Tea Co.,* "If an attorney is required to expend time litigating his fee claim, yet may not be compensated for that time, the attorney's effective rate for all the hours will be correspondingly decreased. . . . Such a result would not comport with the purpose behind most statutory fee authorizations, viz, the encouragement of attorneys to represent indigent clients and to act as private attorneys general in vindicating congressional policies." 585 F.2d 47 (3d Cir. 1978) at 53. See also *Souza v. Southworth,* 564 F.2d 609 (1st Cir. 1977); *Panior v. Iberville Parish School Board,* 543 F.2d 1117 (5th Cir. 1976).

IT IS THEREFORE ORDERED that the petitioners be awarded fees in accordance with the schedule attached hereto for the reasons herein stated.

FEES AWARDED FOR WORK DONE IN CIV 72-607 PHX CAM (COMPLAINT)

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| Ulrich | 79.3 | $60.00 | $ 4,758.00 |
| Concanower | 48.2 | $40.00 | $ 1,928.00 |
| McGarry | 3.6 | $60.00 | $ 216.00 |
| | | | $ 6,902.00 |

PARALEGAL FEES AWARDED

| | | | |
|---|---|---|---|
| Multhauf | 16.13 | $20.00 | $ 322.60 |
| (158 × 10.16% = 16.13) | | | |

COSTS

| Complaint | $ 298.14 |
|---|---|
| Amended Complaint | $ 1,885.25 |
| Fee Petition Preparation | $ 229.02 |
| | $ 2,412.41 |

FEE PETITION PREPARATION

| Ulrich | 15.9 | $60.00 | $ 954.00 |
|---|---|---|---|
| Multhauf | 276.10 | $20.00 | $ 5,522.00 |
| | | | $ 6,476.00 |

RESPONSES TO FEE PETITION OPPOSITION

| Ulrich | 29.9 | $60.00 | $ 1,794.00 |
|---|---|---|---|
| Multhauf | | $20.00 | $ 1,946.00 |
| | | | $ 3,740.00 |
| TOTAL AWARD | | | $19,853.01 |