661 P.2d 665

Gilbert P. VERDUGO,
Plaintiff/Appellant,

v.

PIMA COUNTY, a body politic and corporation; Pima County Sheriff's Department; Clarence W. Dupnik, Pima County Sheriff, Defendants/Appellees.

No. 2 CA–CIV 4527.

Court of Appeals of Arizona,
Division 2.

Feb. 17, 1983.

402

DeConcini, McDonald, Brammer, Yetwin & Lacy, P.C., by David C. Anson, Tucson, for plaintiff/appellant.

Stephen D. Neely, Pima County Atty. by Steven L. Bossé and Frank J. Cassidy, Tucson, for defendants/appellees.

## OPINION

HOWARD, Chief Judge.

This is an appeal from an order denying appellant his attorney's fees. Appellant contends that the trial court erred in so doing. We disagree.

As a result of personal injuries received by appellant when he was assaulted by a fellow inmate at the Pima County Jail, appellant filed a complaint in the superior court alleging liability based upon negligence. The complaint was subsequently amended and a claim for damages for violations of civil rights under 42 U.S.C. § 1983 was added. Both counts were based on the same conduct and the parties stipulated that should liability be found under Count I, appellant would be entitled to damages in the sum of $1 under Count II, the civil rights claim.

The case went to the jury which awarded appellant $5,000. Subsequently a judgment was entered for $5,001 pursuant to the stipulation.

■ After the judgment was rendered, appellant filed an application for attorney's fees pursuant to 42 U.S.C. § 1988 asking the trial court to award attorney's fees in the amount of $9,366 as set forth in the verified statement of costs.

42 U.S.C. § 1988 states, in part:

"In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, ... the court, in its discretion, *may* allow the prevailing

party, other than the United States, a reasonable attorney's fee as part of the costs." (Emphasis added)

In a multiple claims case such as this, if the plaintiff does not recover under the federal claim, he can still recover attorney's fees under § 1988 if the claims share a "common nucleus of operative fact." See *Burchett v. Bower*, 470 F.Supp. 1170 (D.Ariz.1979); *Anderson v. Redman*, 474 F.Supp. 511 (D.Del. 1979). Here, the parties actually stipulated that there would be liability under the federal claim if liability was found on negligence, and it is clear that the principle set forth in the foregoing federal district court cases applies and would allow attorney's fees.

Appellees resisted the attorney's fees, inter alia, on the basis that amendment was an afterthought, the implication being that the addition of a civil rights action was unnecessary since the relief to which appellant was entitled, to-wit, damages for personal injuries as a result of negligence, was adequately covered by Count One. Thus, the issue is whether the trial court abused its discretion in finding that, under the circumstances of this case, attorney's fees would not be awarded. Appellant recognizes that § 1988 does not mandate awarding of attorney's fees but, citing *Newman v. Piggie Park Enterprises*, 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968), contends that attorney's fees should ordinarily be recovered unless special circumstances would render the award of attorney's fees unjust.

We find that appellant's reliance on the United States Supreme Court case is misplaced. There the petitioner brought an action to enjoin racial discrimination at a restaurant. The court stated:

"When a plaintiff brings an action under that Title, he cannot recover damages. If he obtains an injunction, he does so not for himself alone but also as a 'private attorney general,' vindicating a policy that Congress considered of the highest priority. If successful plaintiffs were routinely forced to bear their own

attorneys' fees, few aggrieved parties would be in a position to advance the public interest by invoking the injunctive powers of the federal courts. Congress therefore enacted the provision for counsel fees—not simply to penalize litigants who deliberately advance arguments they know to be untenable but, more broadly, to encourage individuals injured by racial discrimination to seek judicial relief under Title II.

It follows that one who succeeds in obtaining an injunction under that Title should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust ...." 390 U.S. at 402, 88 S.Ct. at 966.

It can thus be seen from the foregoing quote that *Newman v. Piggie Park Enterprises,* supra, is distinguishable from the facts in this case.

Appellant here has a legitimate claim for negligence entitling him to damages for personal injuries. The addition of a claim for violation of civil rights added nothing to the tort claim except for the possibility that attorney's fees might be awarded. Under such circumstances we do not believe that the trial court abused its discretion in denying an award for attorney's fees.

Affirmed.

HATHAWAY and BIRDSALL, JJ., concur.