Evelyn R. ELLIS et al., Plaintiffs-Appellees,

v.

The BOARD OF PUBLIC INSTRUCTION OF ORANGE COUNTY, FLORIDA, Defendant-Appellant.

No. 71–2696.

United States Court of Appeals, Fifth Circuit.

Aug. 17, 1972.

James W. Markel, Winter Park, Fla., for defendant-appellant.

Norris D. Woolfork, III, Orlando, Fla., Drew S. Days, III, Jack Greenberg, Norman Chachkin, New York City, for plaintiffs-appellees.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

BELL, Circuit Judge:

We are now presented with further appeals arising out of the efforts to desegregate the Orange County School system. The appeal was filed by the School Board and the plaintiffs have filed a cross-appeal.

■ The School Board strenuously objects to the district court's having granted further relief to the plaintiffs following the decision of the Supreme Court in Swann v. Charlotte-Mecklenburg Board of Education, 1971, 402 U.S. 1, 91 S.Ct. 1267, 28 L.Ed.2d 554. The School Board contends that the system was finally and conclusively desegregated beginning with the 1970–71 school term in accordance with our mandate in Ellis v. Board of Public Instruction of Orange County, Fla., 5 Cir., 1970, 423 F.2d 203. In an ordinary lawsuit we would agree. School desegregation law, however, is unlike ordinary law in that the confines of what is necessary to de-

segregate a school system were never settled until the *Swann* decision, if then, and thus formerly segregated school districts must comply with that as a supervening decision of the Supreme Court on the subject. We affirm the orders of the district court granting further relief to plaintiffs.

In our prior decision, 423 F.2d at 205, supra, we noted that the Orange County School district was almost the size of Rhode Island (1,049 square miles). For the 1970–71 school term, there were 98 separate schools housing 82,868 students —82 per cent white and 18 per cent black. The enrollment increased to 86,705 by the 1971–72 school term. There were 15,747 black children in the system.

All that remains of the more than a decade of litigation over desegregation of the system is now presented to us in the cross-appeal of plaintiffs. First, plaintiffs urge that five elementary schools have not yet been desegregated. Second, they resist the closing of two schools having black student bodies, or alternatively, if closed, they contend that the protective elements of our decision in Singleton v. Jackson Municipal Separate School District, 5 Cir., 1970, 419 F.2d 1211, respecting faculty and staff, must be ordered by the district court.

■ The five schools in question are Eccleston, Orange Center, Maxey, Richmond Heights and Hungerford. We hold that Maxey and Hungerford are already desegregated and that no further relief is required as to them. Maxey, as of October 26, 1971, had a student body comprised of 360 black students and 95 white students. On the same day there were 270 black students and 70 white students at Hungerford. It is to be noted that black students are in the majority in these schools but the majority to minority transfer provision of *Swann*, 402 U.S. at 26–27, 91 S.Ct. 1267, 28 L.Ed.2d 554, citing Ellis v. Orange County, 423 F.2d at 206, may be utilized by those black students in these schools who seek a majority white student body.

The majority to minority transfer option with free transportation has been widely used in Orange County where it is fostered by a bi-racial committee. In the 1970–71 school term, it was utilized by 2,095 black students out of the total of 14,856 black students in the system at the time.

Student bodies at Eccleston, Orange Center and Richmond Heights on October 26 were comprised as follows:

| SCHOOL | BLACK STUDENTS | WHITE STUDENTS |
|---|---|---|
| Eccleston | 1,249 | 2 |
| Orange Center | 717 | 29 |
| Richmond Heights | 744 | 0 |

■ These schools have never been desegregated and were a part of the dual school system which existed prior to our 1970 decision, supra. We hold that plaintiffs are entitled to an order requiring that these three schools be desegregated. See Cisneros v. Corpus Christi Independent School District, 5 Cir., 1972, 459 F.2d 13 for the remedy to be applied in the desegregation process as to the three schools in question.

■ The next issue has to do with the order of the district court permitting the closing of the Holden Street and Webster Avenue Elementary Schools. The findings were that these schools were closed for the reason that they were located in heavy traffic areas which had lately become highly commercialized and the School Board wished to sell the land on which the schools were located because of its increase in value. There was no indication whatever of the schools being closed for racial reasons. We conclude that the findings of fact of the district court in support of the decision to allow the closing of these schools were amply supported and not clearly erroneous. See Lee v. Macon County Board of Education, 5 Cir., 1971, 448 F.2d 746; and Mims v. Duval County School Board, 5 Cir., 1971, 447 F.2d 1330, for a discussion of the propriety and impropriety of closing formerly black schools.

Lastly, plaintiffs complain that the district court erred in connection with the closing of the schools, in decreeing a standard less than that enunciated by this court in Singleton v. Jackson Municipal Separate School District, supra, to protect the faculty and staff of these schools. These claimed deficiencies are difficult to perceive inasmuch as the district court ordered, as a condition to closing Holden and Webster Schools, that the School Board provide any "displaced principal, staff member, or faculty member . . . with a comparable position." However, out of an abundance of caution, we direct the district court to require that the School Board comply with the provisions of Singleton v. Jackson with respect to the faculty and staff at these schools, as indeed all of the provisions of *Singleton* are to be complied with as to the entire school system.

Affirmed as to the appeal; affirmed in part and reversed in part on the cross-appeal; remanded for further proceedings not inconsistent herewith.

Let the mandate issue forthwith.