Sonnie Wellington **HEREFORD, IV,** et al., Plaintiffs,

United States of America, Plaintiff-Appellant,

v.

**HUNTSVILLE BOARD OF EDUCATION** et al., Defendants-Appellees,

No. 74–3363.

United States Court of Appeals, Fifth Circuit.

Nov. 20, 1974.

Wayman G. Sherrer, U. S. Atty., Birmingham, Ala., Mark Gross, Brian K. Landsberg, Civ. Rights Div., App. Section, Dept. of Justice, Washington, D. C., for plaintiff-appellant.

James G. Harrison, Huntsville, Ala., amicus curiae, for Bailey, Thompson & University Park Association.

Joe L. Payne, Huntsville, Ala., for defendants-appellees.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

BELL, Circuit Judge:

This appeal presents a tag end to the litigation involving the desegregation of the Huntsville school system. In 1974 we affirmed the approval by the district court of a plan of student assignment formulated by HEW. Hereford v. Huntsville Board of Education, 5 Cir., 1971, 448 F.2d 784. At that time plaintiffs and the Department of Justice sought to have an alternative HEW plan substituted with respect to the two schools here involved, Calvary Hill and Terry Heights.

All remained quiet until May 1974 when the defendant school board sought court approval of changes in the grade structure of the system's schools to the middle school concept, changes in some attendance zones, and in the use of some buildings. The Department of Justice responded by seeking, inter alia, a new desegregation plan for the Calvary Hill and Terry Heights elementary schools.[1] The district court rejected the Department of Justice prayer as to these two schools after an evidentiary hearing, and the focus of this appeal is this rejection.

We view this case as presenting no more than a motion in the district court for further relief in a typical school desegregation case where modification is indicated because of lack of success. Cf. Ellis v. Board of Public Instruction of Orange County, Florida, 5 Cir., 1974, 465 F.2d 878, where we required a new plan as to three schools in a system, which schools had not been desegregated.

The facts here indicate that the district court did not err with respect to the Terry Heights school. The racial ratio of the Huntsville school system is 83 per cent white and 17 per cent black. We approved the 1971 plan on the projection that Terry Heights would be 65.5 per cent black. The testimony in the district court here, and made into a finding, was that the Terry Heights school had stabilized from an attendance standpoint. This finding is well supported. The 1973–74 student population of the school was 71.73 per cent black. It was 70.20 per cent black as of September 20, 1974. This is a small variance from the 1971 projection of 65.5 per cent and we find no error in the failure of the district court to require that the plan be modified as to this school.

We have a different view with regard to Calvary Hill. The 1971 plan projected it to be 67.6 per cent black with 367 white students to attend with 765 black students. The white students have never attended. The maximum number of whites to attend was 55 in the 1971–72

---

1. Plaintiffs made no appearance in the district court but have filed a brief here adopting the position being taken by the Department of Justice.

school term. In the 1973–74 term this school was attended by 598 black students and only 25 white students. As of September 1974 there were 368 black students and 15 white students in attendance. The district court should have required that the school board modify the student assignment plan to desegregate the Calvary Hill school. As in Ellis v. Orange County, *supra*, this school has never been desegregated.

The method of desegregation to be followed is settled in this circuit. See Cisneros v. Corpus Christi Independent School System, 5 Cir., 1972, 467 F.2d 142 (en banc). On remand, the district court is directed to follow the remedy set out in *Cisneros*, 467 F.2d at 152–153.

Affirmed in part; reversed and remanded in part for further proceedings not inconsistent herewith.