Reversed as to appellee Bond.

Affirmed as to third-party appellees.

Anthony T. LEE, et al., Plaintiffs,

United States of America, Plaintiff-Intervenor and Amicus Curiae Appellant,

National Education Association, Inc., Plaintiff-Intervenor,

v.

AUTAUGA COUNTY BOARD OF EDUCATION et al., Defendants-Appellees.

No. 75–1297.

United States Court of Appeals, Fifth Circuit.

May 27, 1975.

Ira DeMent, U. S. Atty., Montgomery, Ala., Wm. B. Saxbe, Atty. Gen., Civ. Rights Div., U. S. Dept. of Justice, Richard F. Johnston, U. S. Dept. of Justice, Civ. Rights Div., Education Section, Brian K. Landsberg, William C. Graves, Dept. of Justice, Washington, D. C., for U. S.

Vaughan Hill Robison, David B. Byrne, Jr., Montgomery, Ala., for defendants-appellees.

Solomon S. Seay, Jr., Montgomery, Ala., for A. T. Lee & N.E.A.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

On July 3, 1974 the Autauga County (Alabama) Board of Education filed a petition requesting that the district court approve the acquisition of a parcel of land on which the Board proposed to construct a new high school. In its petition the Board alleged that its selection of the new high school site and the construction of a new facility was "educationally sound and in the best interest of all students, black and white in the Autauga County School System . . . [and was] done to continue the stable desegregation of this system and to prevent the reoccurrence of a dual school structure." The United States responded to this petition by requesting that approval of any new construction be deferred pending full discovery and a hearing aimed at determining whether the Board had satisfied the standards for new school construction in formerly segregated school systems set out in United States v. Board of Public Instruction of Polk County, 5th Cir. 1968, 395 F.2d 66. The district court granted the government's motion and, following the requested discovery and hearing (participated in also by the private plaintiffs in the original desegregation suit of which this proceeding is a part), approved the Board's petition. The government appeals because it believes the court's ruling erroneously sanctions the Board's failure to satisfy its continuing duty with regard to new construction to eliminate vestiges of past official discrimination. We find merit in the government's contention and therefore reverse.

By a 1970 *Singleton*-type desegregation order Autauga County was divided into four attendance zones. The only ones that need concern us here are Autaugaville, in the southwest quadrant of the county, and Prattville, in the southeast quadrant. In the Autaugaville zone white students have never attended the public schools in the numbers predicted by the 1970 desegregation plan, perhaps because of the presence there of a private all-white academy. Thus, the black enrollment at the Autaugaville schools is now in excess of 90 percent. By contrast, in the Prattville zone black enrollment has been maintained at close to the predicted 20 percent level. Nevertheless, in the latter zone, which contains the City of Prattville—the county's main population center—and nearly three quarters of the county's school age children, population growth has caused serious overcrowding in the high school. Accordingly, the County Board of Education decided to construct a new school just north of the City of Prattville. It is undisputed that the Board considered all relevant factors concerning the permissibility of the new construction as it related to racial balance in the Prattville zone. The Board did not consider, however, alternatives by which a new high school might aid in alleviating the continuing segregation of the adjoining Autaugaville zone. The district court approved the Board's procedure, holding that under Milliken v. Bradley, 1974, 418

U.S. 717, 94 S.Ct. 3112, 41 L.Ed.2d 1069, it had "no power to condition the right of the Autauga County Board of Education to build a new school in the Prattville District upon its previously making arrangements to further desegregate other districts under its jurisdiction." We disagree.

 Nothing in *Milliken* alters the "responsibility of local authorities and district courts to see to it that future school construction and abandonment are not used and do not serve to perpetuate or re-establish the dual system" Swann v. Charlotte-Mecklenburg Board of Education, 1971, 402 U.S. 1, 21, 91 S.Ct. 1267, 1279, 28 L.Ed.2d 554, 569–70; *see* United States v. Hendry County School District, 5th Cir. 1974, 504 F.2d 550; United States v. Board of Public Instruction of Polk County, *supra.* The type of interdistrict remedy disapproved in *Milliken* involved "independent school districts historically administered as separate units," 418 U.S. at 743, 94 S.Ct. at 3126, 41 L.Ed.2d at 1069, and not attendance zones with historical antecedents reaching back no further than the most recent court order. In any event, the entire Autauga County school system was found to have violated the constitutional rights of the county's black children, and the *Milliken* opinion clearly recognizes that "[b]oundary lines may be bridged where there has been a constitutional violation calling for interdistrict relief . . . ." 418 U.S. at 741, 94 S.Ct. at 3126, 41 L.Ed.2d at 1069. *Cf.* Keyes v. School District No. 1, 1973, 413 U.S. 189, 93 S.Ct. 2686, 37 L.Ed.2d 548. Even if integration of the Autaugaville schools has failed because of the establishment of the private academy and without the slightest participation by the state or the county, the Board cannot simply ignore that failure. The 1970 plan is a remedy for state-enforced segregation and not a judicial eraser that wiped clean the county's constitutional slate. *See* Hereford v. Huntsville Board of Education, 5th Cir. 1974, 504 F.2d 857, 858, cert. denied, 1975, —— U.S. ——, 95 S.Ct. 1570, 43 L.Ed.2d 779; Ellis v. Board of Public Instruction, 5th Cir. 1972, 465 F.2d 878, 879–80.

■ We do not hold that upon reconsideration the Board must select a new site for the proposed school[1] or that it must implement extensive additional busing. The facts as found by the district court suggest many considerations that argue persuasively in favor of the present location and against additional busing. Nevertheless, the Board must now do what it admittedly failed to do earlier: examine its construction plans with a view to furthering desegregation in Autaugaville.

Reversed and remanded for proceedings consistent with this opinion.

---

1. As matters apparently stand now, the land has been purchased and architects and educational experts have been engaged to draw up plans for the school facilities.