Christina DAVIS, Plaintiff-Appellant,

v.

ROADWAY EXPRESS, INC., Defendant-Appellee.

No. 77-3478
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 23, 1979.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Samuel E. Hooper, Houston, Tex., for defendant-appellee.

Thomas C. Petley, Houston, Tex., for plaintiff-appellant.

Before COLEMAN, FAY and RUBIN, Circuit Judges.

PER CURIAM:

Christina Davis filed this class action lawsuit against her former employer, Roadway Express, Inc., in March of 1973, alleging violations of 42 U.S.C. § 1981 and Title VII of the 1964 Civil Rights Act. After extensive discovery and much procedural maneuvering, the case was tried to the court, which directed a verdict for the defendant at the conclusion of the plaintiff's case. Davis appeals from the final judgment that was entered against her.[1]

## I.

In October 1970, Roadway hired Davis as a General Office Clerk, Junior at its Houston, Texas terminal. She was hired despite the fact that she failed the company's typing test several times, but the lower court found that these failures were not held against her. Her job included such tasks as filing freight bills, distributing incoming teletype messages, sending outgoing teletype messages, operating the postage meter, and retrieving filed freight bills. The bulk of her time apparently was consumed in filing the freight bills. On January 21, 1972, some fourteen months after her initial hiring, Roadway discharged her. Three

---

1. No appeal was taken by either party until after the District Judge denied Roadway's motion for attorney's fees. Roadway then appealed, and Davis cross-appealed. Roadway voluntarily dismissed its appeal after the Supreme Court handed down its decision in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). It then moved this Court to dismiss Davis' appeal, but a panel denied that motion on July 31, 1978.

days later, she filed written charges of racial and sexual discrimination with the Equal Employment Opportunity Commission, which issued her a right-to-sue letter in December 1972. This suit followed.

At the trial, the judge ruled from the bench at the conclusion of the plaintiff's case that she had failed to prove even a prima facie case that Roadway had discriminated against her on the basis of race or sex. The memorandum of decision, which the judge issued some months later, noted that Davis had "testified as to vague feelings that her training was inadequate," but concluded that she had failed to adduce any evidence that anyone else received any better or more comprehensive training. The judge also noted that Davis testified that everyone else seemed to know how to do their jobs, but he found that such testimony could create only speculation as to the reasons for Davis' inability to grasp the essentials of her job and certainly did not demonstrate a prima facie case of discrimination, especially in light of the fact that her successor, also a black woman, apparently adjusted to the demands of the job without difficulty. Davis also testified that a white female employee also seemed to be having problems but was not discharged. The judge discounted this evidence on the basis of other testimony from one of the plaintiff's own witnesses, Ronald Bayer, a coworker of the two women. He testified that the other woman's work was satisfactory. Mrs. Davis also testified that she had complained to her supervisor about some improper remarks made to her by a black male employee and that nothing had been done about his comments. However, she could not say that his comments had affected her job performance or that they had any bearing on her dismissal. As found by the trial judge, her final assertion to support her claims of discrimination was "that her supervisor, Mr. Mayer, made certain improper advances. The sum total of these advances were two separate comments on how attractive she looked in a particular outfit and Mr. Mayer's looking at her in what she interpreted to be a lascivious manner on these two occasions." Confronted with such scanty evidence, the trial judge ruled that Davis had failed to establish a prima facie case of either racial or sexual discrimination, and he accordingly did not require any rebuttal by Roadway.

## II.

Our initial difficulty with this case concerns its procedural posture. The lower court tentatively certified Davis as the representative of a class of black and female clerical employees at Roadway's Houston terminal,[2] but before the introduction of any evidence the Court indicated that the case would not proceed as a class action. Counsel for Davis then requested an opportunity to introduce some statistical evidence before the Court made its final ruling on decertification of the class. After hearing that testimony, the judge made a final ruling that the case could not proceed as a class action. The trial thus involved only Davis' individual claims of discrimination, which claims the trial judge resolved against Davis.

The judgment did not become final until the Court denied Roadway's motion for attorney's fees, from which Roadway appealed and Davis cross-appealed. The only indication of which issues Davis intended to appeal appears in her designation of the record on appeal. According to those papers, Davis "presents for Appeal several class related issues, namely, whether the trial judge erred in: decertifying the class once it had been certified, denying the existence of the class and in denying the existence of statistically established nationwide discrimination by Appellant against its Female and Black employees."

---

2. This tentative certification was contingent upon the plaintiff satisfying the court that the numerosity requirement of Rule 23(a)(1) was met. As discussed in part III of the opinion, the overwhelming majority of the members of the certified class affirmatively indicated to the court that they did not wish to be a part of the class action suit. From this extraordinary showing, the judge concluded that "their commonality of interests is minimal and that in fact their interests appear to be antagonistic."

■ It therefore appears that Davis intended to appeal only the class action issues, and in fact she did exactly that. Of the eight issues presented in her appellate brief, all eight deal with the class action. There is no discussion of the merits of her individual claims; and the statement of facts does not even address any of the proof concerning her individual claims. The brief submitted in response by Roadway argues that Davis lacks standing to maintain this appeal or to represent any class of discriminatees because a final judgment has been entered against her individual claims and she has not appealed that judgment, citing *East Texas Motor Freight v. Rodriguez*, 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977); and *Satterwhite v. City of Greenville*, 5 Cir. 1978, 578 F.2d 987, *petition for cert. filed*, 47 U.S.L.W. 3465 (U.S. Jan. 9, 1979) (No. 78–1008). Those two cases clearly establish the law that one who lacks a nexus with the purported class cannot be a proper class representative and control the instant case. The only difference between this case and *Rodriquez* is the fact that no class was ever certified in *Rodriquez* whereas in this case the class was decertified prior to trial; this distinction does not change the result today. In both cases, the district courts found the individual claims without merit.

With this issue thus clearly raised by Roadway in its brief, Davis has failed to file any reply brief. With the case in this posture, we can only conclude that Davis has not appealed the final judgment denying relief on her individual claims.

■ We further conclude that, with the law so clear and well-established under *Rodriguez* and *Satterwhite*, both of which were decided before Davis ever filed her brief with this Court, Davis' failure to appeal and brief the individual issues justifies granting Roadway's request that it be awarded its costs, including attorney's fees, on appeal. In the words of the Supreme Court, Davis has "continued to litigate [her class action claim] after it clearly became [groundless]." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S.Ct. 694, 701, 54 L.Ed.2d 648 (1978).

■ The award of attorney's fees will be confined to the cost of this appeal, however.[3] Since Roadway has voluntarily dismissed its appeal from the District Court's refusal to award attorney's fees for the trial work, that issue is not before us. It is proper, however, to award attorney's fees for services rendered on appeal. *See, e. g., McGowan v. King, Inc.*, 5 Cir. 1978, 569 F.2d 845, 850; *Gore v. Turner*, 5 Cir. 1977, 563 F.2d 159. Although the interests of judicial economy usually prompt us to remand to the District Court a case involving the award of attorney's fees for both trial and appellate work, *see, e. g., Universal Amusement Co., Inc. v. Vance*, 5 Cir. 1977, 559 F.2d 1286, 1300; *Panior v. Iberville Parish School Bd.*, 5 Cir. 1976, 543 F.2d 1117, 1120; such concerns are not present in this case. Since this Court has discretion to award costs and fees arising out of an appeal to us, *Brown v. Culpepper*, 5 Cir. 1977, 561 F.2d 1177; *Universal Amusement Co., Inc. v. Vance, supra*, 559 F.2d at 1300; we think this is an appropriate case in which to do so. Accordingly, we adopt the procedure outlined in *Ayers S.S. Co. v. Bryant*, 5 Cir. 1977, 544 F.2d 812, and give Roadway twenty (20) days from the publication of this opinion to submit its motion for attorney's fees. Davis will be given an additional twenty (20) days to respond by brief if she deems such response appropriate. Although we note that some of the factors listed in *Johnson v. Georgia Highway Express, Inc.*, 5 Cir. 1974, 488 F.2d 714, do not apply to defendants, we believe that case should govern the award of attorney's fees to defendants and/or appellees. Roadway's brief should be addressed to all the relevant *Georgia Highway Express* factors and should provide us with sufficient factual information to enable us to make an appropriate award. *See also Wolf v. Frank*, 5 Cir. 1977, 555 F.2d 1213.

---

**3.** We shall not award any attorney's fees in connection with Roadway's earlier motion to dismiss Davis' appeal, however. The award will be strictly limited to services rendered in connection with services incident to the filing of Roadway's brief in the case now before us.

**144**

We retain jurisdiction of this appeal until the question of attorney's fees has been resolved. At that time, the appeal will be dismissed. *See Satterwhite v. City of Greenville, supra.*

## III.

 Were it necessary to reach the class action issues presented by Davis,[4] we would affirm the District Court on the merits. The lower court was concerned from the outset about the numerosity requirement and conditioned his tentative certification of the class upon a demonstration by the plaintiff that the class was sufficiently numerous as to make joinder impracticable. Plaintiff then notified all of the potential members of the class through notice similar to that commonly sent out in Rule 23(b)(3) cases. Of the twenty-three class members other than plaintiff, seventeen chose to reply that they did not wish to take part in this action. Of the four black potential class members, one was the plaintiff, one woman failed to respond, one woman indicated that she did not want to be a part of the suit, and one man was the only member of the potential class to affirmatively indicate that he wished to be a part of the class. The District Court was persuaded that this overwhelming vote of opposition indicated a lack of common interests and perhaps even genuine antagonism. He therefore refused to certify the class, and we cannot say that such an action was an abuse of discretion.

We have also examined the other issues presented by Davis and find no abuse of discretion on the part of the experienced trial judge.

---

4. As stated by Davis, her eight issues are: (1) whether the district court erred in effectively decertifying a class of female (black or white) and black (male and female) clerical employees once it had been certified; (2) whether the district court erred in allowing opt-outs to lower the numbers of those in the certified class which nullified the ability of Plaintiff to satisfy the numerosity requirements of Rule 23; (3) whether the Court erred in holding that Plaintiff's action was only of an individual nature and not appropriate for class action treatment; (4) whether the Court erred in disallowing Plaintiff from representing managerial employees as well as clerical employees of defendant; (5) whether the Court erred in disallowing Plaintiff from representing employees at all of Defendant's facilities other than the Houston, Texas facility where she had worked; (6) whether the Court erred in holding that Plaintiff's statistical proof of the disparate impact of Defendant's employment policies on females and Blacks was insufficient to establish Defendant's sexual and racial discrimination; (7) whether Plaintiff established a prima facie case of discrimination against women by presenting evidence of their under-utilization as compared with the relevant labor market; and (8) whether Plaintiff established a prima facie case of discrimination against Blacks by presenting evidence of their under-utilization as compared with the relevant labor market.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.