Christina **DAVIS**, Plaintiff-Appellant,

v.

**ROADWAY EXPRESS, INC.,**
Defendant-Appellee.

No. 77–3478.

United States Court of Appeals,
Fifth Circuit.

July 18, 1980.

Samuel E. Hooper, Houston, Tex., for defendant-appellee.

Les Mendelsohn, San Antonio, Tex., Ramon V. Gomez, E.E.O.C., Washington, D.C., for Texas Trial Lawyers.

Thomas C. Petley, Houston, Tex., for plaintiff-appellant.

---

ON PETITION FOR REHEARING AND
PETITION FOR REHEARING
EN BANC

Before COLEMAN, Chief Judge, and FAY and RUBIN, Circuit Judges.

PER CURIAM:

This appeal was originally decided on the Summary Calender, February 23, 1979, *Davis v. Roadway Express, Inc.*, 590 F.2d 140.

A petition for rehearing and rehearing *en banc* was filed March 23, 1979.

A petition for *certiorari* had been filed in *Satterwhite v. City of Greenville*, 578 F.2d 987 (5 Cir.1978), (47 U.S.L.W. 3465, January 9, 1979). Pending the disposition of that petition we deferred action in the instant case. On March 24, 1980, —— U.S. ——, 100 S.Ct. 1334, 63 L.Ed.2d 773, the petition for certiorari in *Satterwhite* was granted, our judgment in that case was vacated, and the case was remanded to us for further consideration in the light of indicated recent Supreme Court decisions.

The issue as presented by the *Satterwhite* petition for *certiorari* was:

Rejected female applicant for city job, who neither alleged in her complaint nor proved at trial any facts indicating that she herself had been injured or will be injured by any of city's policies of which she complains other than those relating to claim now shown to be untenable, would not be adequate representative of class of city employees. 48 U.S.L.W. 3610.

Upon further consideration, we have concluded that the appeal now before us in this case need not depend for its appropriate resolution on the ultimate outcome in *Satterwhite* or upon presence or absence of plaintiff's nexus with the proposed class. Here, the trial judge initially granted class action certification. He did not decertify the class [for lack of numerosity] until it had been determined that only one of twenty three prospective class members indicated a desire to be a part of the class, whereas seventeen had specifically opted out and five had made no response whatever.

Rule 23 of the Federal Rules of Civil Procedure provides (in pertinent part) that "One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, . . . ." The District Court's finding that Davis' purported class lacked numerosity was clearly correct, and the outcome of this case needs nothing else for its support. *Lee v. Macon County Bd. of Education*, 498 F.2d 1090 (5 Cir.1974) [per curiam]; *Foster v. Mobile County Hospital Board*, 398 F.2d 227, 228 n. 1 (5 Cir.1968); *Hill v. American Airlines*, 479 F.2d 1057, 1059 (5 Cir.1973).

For lack of numerosity, the Judgment of the District Court is again affirmed.

On the question of attorney fees for filing of the appellee's brief in this Court, as the prior opinion noted, we asked for and received supplemental affidavits and briefs. Upon consideration thereof, we now find it appropriate to remand this issue to the District Court for a full hearing on the merits, appropriate findings of fact, conclusions of law, and judgment accordingly.

In this connection we note that the Supreme Court has granted *certiorari* in *Monk v. Roadway Express, Inc.*, 599 F.2d 1378 (5 Cir.1979) 444 U.S. 1012, 100 S.Ct. 659, 62 L.Ed.2d 640 [1980].

To the extent indicated the petition for rehearing is granted and otherwise denied.

No member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (Rule 35, Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 16), the petition for rehearing en banc is DENIED.

The parties will bear their own costs in the petitions for rehearing.

AFFIRMED and REMANDED for further proceedings not inconsistent herewith.